**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | **CR. NO. 18-123 (TNF)(DAR)** |
| | : | |
| **D'ANDRE K. JACKSON,** | : | |
| | : | |
| **Defendant.** | : | |

## GOVERNMENT'S MEMORANDUM IN SUPPORT OF PRE-TRIAL DETENTION

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this memorandum in support of its oral motion that the defendant be detained pending trial pursuant to 18 U.S.C. § 3142 (f)(1)(D), 18 U.S.C. §3142 (d)(1)(A)(ii) and 18 U.S.C. § 3142 (f)(2)(A) of the federal bail statute. The government requests that the following points and authorities, as well as any other facts, arguments and authorities presented at the detention hearing, be considered in the Court's determination regarding pre-trial detention.

### Introduction

D'Andre Jackson, a twenty-three year old male with several prior felony convictions, has been charged by indictment with one count of Escape from Custody, in violation of Title 18 U.S.C. § 751 (a). The defendant's indictment indicating a finding of probable cause that he knowingly escaped from the custody of the Bureau of Prisons, coupled with his prior convictions, support the government's contention that the defendant should be held without bond pending trial.

### Procedural History and Applicable Authority

At the initial appearance on June 28, 2018, the government orally moved for detention pending trial pursuant to 18 U.S.C. § 3142 (f)(1)(D), 18 U.S.C. §3142 (d)(1)(A)(ii) and 18 U.S.C.

§ 3142 (f)(2)(A) of the federal bail statute, which was granted by the Court. The Court set a detention hearing for Tuesday, July 3, 2018.

The government contends that the defendant is a flight risk as well as a danger to the community. The government must establish by preponderance of the evidence that a defendant poses a risk of flight. *United States v. Vortis*, 785 F.2d 327, 328-29 (D.C. Cir. 1986). And must establish by clear and convincing evidence that a defendant is a danger to the community. *United States v. Peralta*, 849 F.2d 625, 626 (D.C. Cir. 1988). In an indicted case at a detention hearing, the government may proffer evidence. *United States v. Smith*, 79 F.3d 1208, 1209-10 (D.C. Cir. 1996).

There are four factors under Section 3142(g) that the Court should consider and weigh in determining whether to detain the defendant pending trial: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) his history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by his release.  *See* 18 U.S.C. § 3142(g). A review and understanding of the facts and circumstances in this case causes the government to ask the Court to conclude that there is no condition or combination of conditions that would assure the appearance of the defendant as required or the safety of the community. Therefore, Mr. Jackson should be detained. *See* 18 U.S.C. § 3142(e)(1).

### **Nature and Circumstances of the Offenses Charged**

On September 7, 2016, Mr. Jackson pled guilty and was convicted of one count of Unlawful Possession of a Firearm (Prior Conviction), in violation of 22 D.C. Code, Section 4503 (a)(2) (2001 ed.). On November 10, 2016, the defendant was sentenced by D.C. Superior Court Judge

Zoe Bush to thirty-six (36) months of imprisonment, all but twenty-four (24) months suspended, followed by one (1) year of supervised release, suspended and two (2) years of supervised probation. As part of the defendant's sentence, he was allowed to complete the remainder of his sentence at the Residential Reentry Center in Washington, D.C. (Hope Village, Inc., 2840 Langston Place, S.E., Washington, D.C.).

On or about January 24, 2018, the defendant started his halfway house placement at Hope Village. On February 9, 2018, at approximately 4:00 P.M., the defendant failed to return to Hope Village after receiving an approved pass. Specifically, on February 9, 2018, at approximately 10:54 A.M., Mr. Jackson was allowed to sign out of the halfway house for religious services a 3415 18th Street, N.E., Washington, D.C. with a due back time of 4:00PM. At the appointed time, the defendant did not return to the residential reentry center and absconder checks were initiated. Attempts were made to locate the defendant at United Medical Center, Central Cell Block, the 7th District Police Station and through his emergency contact, without success. The Bureau of Prisons was then notified of Mr. Jackson's abscondence after which he was placed on escape status and dropped from the official count for the center. Mr. Jackson never returned to Hope Village. On May 1, 2018, the grand jury indicted the defendant on one count of Escape and on June 27, 2018, Mr. Jackson was arrested pursuant to an arrest warrant in relation to the indictment.

As set forth fully above, the first factor, the nature and circumstances of the offense charged, clearly weighs in favor of detention. Here, a grand jury found probable cause to believe that Mr. Jackson escaped from the custody of the Bureau of Prisons. The nature of this offense weighs heavily in favor of detention.

**Weight of the Evidence Against the Defendant**

The second factor to be considered, the weight of the evidence, also clearly weighs in favor of detention. The evidence against Mr. Jackson is quite strong. As set forth above, Mr. Jackson knowingly and willingly absconded from the Hope Village Reentry Center, as prohibited by the terms of residency at the facility. There is no question that the defendant knew about the rules and requirements related to his residency because he signed documentation memorializing his understanding on Bureau of Prisons Form A0291, *See* Government's Exhibit #1 (attached), as well as the required Conditions of Furlough form. *See* Government's Exhibit #2 (attached). Mr. Jackson was then placed on escape status. *See* Government's Exhibit #3 (attached). The defendant remained in escape status for a considerable amount of until he was apparently arrested in Maryland Unlawful Taking of a Motor Vehicle on or about May 16, 2018. The Maryland case was *nolle prossed* on June 25, 2018, after which the defendant was arrested on the escape warrant. *See* Government's Exhibit #4 (attached). Notably, had Mr. Jackson not absconded from the halfway house, he would have completed his imposed sentence on or about March 28, 2018.

**Mr. Jackson's History and Characteristics**

The third factor, the history and characteristics of the person, similarly weigh in favor of the detention. Mr. Jackson has several prior convictions to include: Unlawful Possession of a Firearm (Prior Conviction), Washington, D.C. 2016; Attempted Second Degree Burglary, Washington, D.C. 2016; and First Degree Burglary, Baltimore, Maryland 2013. The government directs the Court's attention to additional information contained on page four of the Pretrial Services Agency report which further supports its request for detention.

The defendant was serving a sentence in the Felon in Possession case at the time that he escaped from custody. That conviction constituted his third felony offense. Mr. Jackson has clearly demonstrated that he cannot be trusted to refrain from engaging in criminal conduct. The defendant should not be released.

### Danger to the Community

The fourth factor, the nature and seriousness of the danger to any person or the community posed by the defendant's release, also weighs in favor of detention. Though the charged offense here is Escape from Custody, the government notes that at the time of this arrest, the defendant was serving a sentence in relation to his unlawful possession of a loaded firearm. Moreover, Mr. Jackson appears to be without legal means to support himself. In order to protect the community and assure his appearance at future court proceedings, the defendant should be held without bond pending trial.

### There is No Condition or Combination of Conditions that Would Ensure Mr. Jackson's Compliance with Court-Ordered Release Conditions

The defendant's criminal history and instant arrest warrant pre-trial detention. The government's evidence strongly supports the argument that Mr. Jackson will continually circumvent the Court's efforts to reasonably control his behavior through conditions of release and keep the community safe.

### Conclusion

The Court should grant the government's motion to detain Mr. Jackson pending trial because he has demonstrated that his appearance cannot be assured at future court proceedings and that he presents a danger to the community.

Respectfully submitted,

JESSIE K. LIU
UNITED STATES ATTORNEY
D.C. Bar No. 472-845

By:       /s/

LISA NICOLE WALTERS
D.C. Bar No. 974-492
Assistant United States Attorney
555 Fourth Street, N.W., Fourth Floor
Washington, D.C. 20530
Telephone: (202) 252-7499
E-mail: Lisa.Walters@usdoj.gov

**CERTIFICATE OF SERVICE**

      I, Lisa N. Walters, certify that, on this 2nd day of July, 2018, the government filed a copy of the foregoing Memorandum in Support of Pre-Trial Detention on the Electronic Case Filing ("ECF") system and served a copy on counsel for Mr. Jackson, Loui Itoh, Esquire, through the ECF.

                                              /s/
                                              Lisa N. Walters
                                              Assistant United States Attorney

# GOVERNMENT'S EXHIBIT #1

BP-A0291
FEB 11

**FURLOUGH APPLICATION - APPROVAL AND RECORD** CDFRM

U.S. DEPARTMENT OF JUSTICE                                   FEDERAL BUREAU OF PRISONS

| Inmate's Name | Register No. | Institution (address and phone number) |
|---|---|---|
| Jackson, D'Andre | 62750-007 | FCC HAZELTON - FCI<br>P.O. BOX 460<br>BRUCETON MILLS, WV 26525<br>304-379-1500 |

### APPLICATION

| Purpose of Visit | Sentry Assignment | Date/Time of Departure | Date/Time of Return |
|---|---|---|---|
| Furlough Transfer to RRC | FURL CDC 2FJ | 01-24-2018 1:00 PM EST | N/A |

Furlough Address (include name of responsible party if applicable):
Hope Village Inc., 2840 Langston Place, S.E., Washington, DC 20020

Telephone No. (Including Area Code): 202-678-1551

| Point of Contact for Emergency | Method of Transportation | Detainer/Pending Charges | Verified by (CSM Staff) |
|---|---|---|---|
| FCI HAZELTON | Town Driver, Greyhound, Taxi | None | ✓ Yes    ___ No |

NOTE TO APPLICANT: You are reminded that should any unusual circumstances arise during the period of your visit, you should notify the institution immediately at telephone: 304-379-1500

### UNDERSTANDING

I understand that if approved, I am authorized to be only in the area of the destination shown above and at ordinary stopovers or points on a direct route to or from that destination. I understand that my furlough only extends the limits of my confinement and that I remain in the custody of the Attorney General of the United States. If I fail to remain within the extended limits of this confinement, it shall be deemed as escape from the custody of the Attorney General, punishable as provided in Section 751 of Title 18, United States Code. I understand that I may be thoroughly searched upon my return to the institution and that I will be held responsible for any item of contraband or illicit material that is found. I have read or had read to me, and I understand that the foregoing conditions govern my furlough, and will abide by them. I have read or had read to me, and I understand the CONDITIONS OF FURLOUGH as set forth on the reverse of this form.

| T. Dille | | |
|---|---|---|
| Witness | Signature of Applicant | |
| Unit Secretary | 12-14-17 | |
| Title | Date Signed | |

### ADMINISTRATIVE ACTION

| Information Verified by J. Rivera | Title Unit Manager |
|---|---|
| Name Of USPO Notified Nancy M. Ware, CSOSA | Date of Notification 09-21-2017 |

Does USPO Have Any Objections to Furlough? (If so, explain)

### APPROVAL

| Approval for the above named Inmate to leave the Institution on a furlough as outlined is hereby granted in accordance with P.L. 93-209 and the BOP Furlough Program Statement. The period of furlough is from 01-24-2018 1:00PM to 01-24-2018 11:45PM | As CMC, I have reviewed the Request for Activity Clearance (404) and the SENTRY CIM Clearance and Separatee Data and I recommend the inmate be approved to participate in this furlough.<br>✓ Yes  ___ No  Signature of CMC |

Chief Executive Officer (Name & Date) - Approval and signature certifies CIMS Clearance
☑ Approval  ☐ Disapproval
Reason(s) for disapproval:

F. Entzel, FCI Warden        12/26/2017

### RECORD

| Date/Time Released: 01-24-2018 1:00 PM EST | Date/Time Returned: N/A |

Travel Schedule:
Depart FCI Hazelton on 01-24-2018 at 1:00 p.m. EST via Town Driver en route to Mountaineer Station, Morgantown, WV. Arrive at Mountaineer Station, Morgantown, WV on 01-24-2018 NLT 1:45 p.m. EST. Depart Mountaineer Station at 5:15 p.m. EST on 01-24-2018 en route to Washington, DC Greyhound Bus Station. Arrive at Greyhound Bus Station Washington, DC on 01-24-2018 at 11:00 p.m. EST. Depart Greyhound Bus Station, Washington, DC via taxi en route to Hope Village, Inc., 2840 Langston Place, S.E., Washington, DC 20020. Arrive NLT 11:45 p.m. on 01-24-2018.

# GOVERNMENT'S EXHIBIT #2

Inmate's Photo

**Conditions of Furlough**

(a) An inmate who violates the conditions of a furlough may be considered an escapee under 18 U.S.C. § 4082 or 18 U.S.C. § 751, and may be subject to criminal prosecution and institution disciplinary action.

(b) A furlough will only be approved if an inmate agrees to the following conditions and understands that, while on furlough, he/she:
  (1) Remains in the legal custody of the U.S. Attorney General, in service of a term of imprisonment;
  (2) Is subject to prosecution for escape if he/she fails to return to the institution at the designated time;
  (3) Is subject to institution disciplinary action, arrest, and criminal prosecution for violating any conditions(s) of the furlough;
  (4) May be thoroughly searched and given a urinalysis, breathalyzer, and other comparable test, during the furlough or upon return to the institution, and must pre-authorize the cost of such test(s) if the inmate or family members are paying the other costs of the furlough. The inmate must pre-authorize all testing fee(s) to be withdrawn directly from his/her inmate deposit fund account;
  (5) Must contact the institution (or United States Probation Officer) in the event of arrest, or any other serious difficulty or illness; and
  (6) Must comply with any other special instructions given by the institution.

Special Instructions:

It has been determined that consumption of poppy seeds may cause a positive drug test which may result in disciplinary action. As a condition of my participation in community programs, I will not consume any poppy seeds or items containing poppy seeds. (Note: Additional conditions may be added to Special Instructions as warranted).

(c) While on furlough, the inmate must not:
  (1) Violate the laws of any jurisdiction (federal, state, or local);
  (2) Leave the area of his/her furlough without permission, except for traveling to the furlough destination, and returning to the institution;
  (3) Purchase, sell, possess, use, consume, or administer any narcotic drugs, marijuana, alcohol, or intoxicants in any form, or frequent any place where such articles are unlawfully sold, dispensed, used, or given away;
  (4) Use medication that is not prescribed and given to the inmate by the institution medical department or a licensed physician;
  (5) Have any medical/dental/surgical/psychiatric treatment without staff's written permission, unless there is an emergency. Upon return to the institution, the inmate must notify institution staff if he/she received any prescribed medication or treatment in the community for an emergency;
  (6) Possess any firearm or other dangerous weapon;
  (7) Get married, sign any legal papers, contracts, loan applications, or conduct any business without staff's written permission;
  (8) Associate with persons having a criminal record or with persons who the inmate knows to be engaged in illegal activities without staff's written permission;
  (9) Drive a motor vehicle without staff's written permission, which can only be obtained if the inmate has proof of a currently valid drivers license and proof of appropriate insurance; or
  (10) Return from furlough with anything the inmate did not take out with him/her (for example, clothing, jewelry, or books).

I have read, or had read to me, and I understand the above conditions concerning my furlough and agree to abide by them.

Inmate's Signature: Jackson, D'Andre _[signature]_ Reg. No.: 62750-007   Date: 12-14-17
Signature/Printed Name of Staff Witness: T. Dille _[signature]_

Record Copy - Inmate Central File; Copy - Control Center, Chief Correctional Services Supervisor, Correctional Systems Department, Inmate Use on Furlough

# GOVERNMENT'S EXHIBIT #3

## SIGN IN / OUT SHEET

RESIDENT'S NAME: JACKSON, D'ANDRE   REG. 62750-007   Legal Status: 2FJ   Apt. No. 201

| DATE | TIME OUT | DESTINATION ADDRESS | PURPOSE | DUE BACK DATE | TIME | RESIDENT'S SIGNATURE | STAFF SIGNATURE | RETURNED DATE TIME | RESIDENT'S SIGNATURE | STAFF SIGNATURE | COMMENTS |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | N E W | A R R | I V | A L | | | 1/25 1:33 am | Dandnfon | Onyeuku | |
| 1/25/18 | 1155a | 3415 18th NE W | mosque | 1/25 | | Dandufm | Wn | 1/25 401 pm | Dandufm | TM | |
| 1/30 | 1:30 p | 801 Penn Ave WDC | Mental | 1/30 | 5:30 | Dandufm | | 1/30 4:55 | Dandufm | S | |
| 2/2/18 | 1105a | 3415 18th St NE WDC | mosque | 2/2/18 | 4 pm | Dandufm | Wenn | 2/2 3:55 pm | Dandufm | TM | |
| 2/6/18 | 1:30 p | 801 Penn Ave SE WDC | Mental Health | 2/6/18 | 5:30 pm | Dandufm | Oul | 2/6/18 4:50 pm | Dandufm | JJ | |
| 2/8/18 | 9:30a | 15 W Galeroe W | med Attn | 2/8/18 | 1:30 | Dandufm | | 2/8/18 12:20 p | Dandufm | W | |
| 2/9 | 10:54a | 3415 18th St NE WDC | RS | 2/9 | 4 pm | Dandufm | | | | | |
| | | Failed to Return – Placed on Escape 2/9/18 | | | | | | | | | |

NOTE: Residents must sign FULL NAME on departure and return. All information must be completed prior to your leaving facility.
Staff MUST sign your departure and arrival. Time must reflect AM or PM.

Wpdocs\forms\both\ bop\Sign In/Out Sheet Form 0017

# GOVERNMENT'S EXHIBIT #4

DISTRICT COURT OF MARYLAND
Go Back Now

## Case Information

Court System: **DISTRICT COURT FOR PRINCE GEORGE'S COUNTY - CRIMINAL SYSTEM**
Case Number: **4E00679543**   Tracking No: **140001982654**
Case Type: **CRIMINAL**
District Code: **05**   Location Code: **01**
Document Type: **STATEMENT OF CHARGES**   Issued Date: **05/16/2018**
Case Status: **CLOSED**   Case Disposition: **TRIAL**

## Defendant Information

Defendant Name: **JACKSON, DEANDRE KEITH**
Race: **BLACK, AFRICAN AMERICAN**
Sex: **M**   Height: **511**   Weight: **165**   DOB: **02/23/1995**
Address: **3220 CURLVER ST**
City: **TEMPLE HILLS**   State: **MD**   Zip Code: **20748 - 0000**

## Charge and Disposition Information

*(Each Charge is listed separately. The disposition is listed below the Charge)*

Charge No: **001**   Description: **MOTOR VEH/UNLAWFUL TAKING**
Statute: **CR.7.105**   Description: **MOTOR VEH/UNLAWFUL TAKING**
Amended Date:   CJIS Code: **2 0480**   MO/PLL:   Probable Cause: **X**
Incident Date From: **05/15/2018**   To: **05/15/2018**   Victim Age:

*Disposition*

Plea: **OTHER PLEA**
Disposition: **NOLLE PROSEQUI**   Disposition Date: **06/25/2018**
Fine: **$0.00**   Court Costs: **$0.00**   CICF: **$0.00**
Amt Suspended:   Fine: **$0.00**   Court Costs: **$0.00**   CICF: **$0.00**
PBJ EndDate:   Probation End Date:   Restitution Amount: **$0.00**
Jail Term:   Yrs:   Mos:   Days:
Suspended Term:   Yrs:   Mos:   Days:
Credit Time Served:

## Related Person Information

*(Each Person related to the case other than the Defendant is shown)*

Name: **WELLS, OFFR**
Connection: **COMPLAINANT/POLICE OFFICER**
Agency Code: **DS**   Agency Sub-Code: **UM**   Officer ID: **0433**

## Event History Information

| Event | Date | Comment |
|---|---|---|
| DOCI | 05/15/2018 | SC ISSUED 180516 |
| INIT | 05/16/2018 | 180516;00002000.00;HDOB;100; ;5183 |
| CMIT | 05/16/2018 | DEFENDANT COMMITTED;180516;PGD |
| BALR | 05/17/2018 | 180517;00002000.00;HDOB;100; ;0BC |
| CMIT | 05/17/2018 | DEFENDANT COMMITTED;180517;PGD; |
| RELS | 06/25/2018 | DEFENDANT RELEASED FROM COMMITMENT |

*This is an electronic case record. Full case information cannot be made available either because of legal restrictions on access to case records found in Maryland Rules, or because of the practical difficulties inherent in reducing a case record into an electronic format.*